http://www.va.gov/vetapp16/Files2/1617300.txt

Citation Nr: 1617300 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 15-04 452 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to an initial compensable evaluation for bilateral hearing loss.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

W. Ripplinger, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1956 to December 1960. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota. Jurisdiction over the claims file is currently held by the RO in St. Louis, Missouri.

The issue of entitlement to an acquired psychiatric disability, claimed as depression, has been raised by the record in a February 2015 claim. The Board previously referred this issue to the RO in a November 2015 remand, but the issue has not been adjudicated. Therefore, the Board does not have jurisdiction over it, and it is again referred to the RO for appropriate action. 38 C.F.R. § 19.9(b) (2015).

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The Veteran's bilateral hearing loss manifests Level I hearing acuity in the right ear and Level II hearing acuity in the left ear.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss are not met. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.85, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

Service connection for bilateral hearing loss was granted in the August 2013 rating decision on appeal and an initial noncompensable evaluation was assigned effective March 23, 2012. The Veteran contends that a compensable rating is warranted because he experiences difficulty hearing high-pitched noises and voices and has difficulty understanding speech. 

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4 (2015). Evaluations of hearing loss range from noncompensable to 100 percent, based upon organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by puretone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 Hertz. 38 C.F.R. § 4.85. To evaluate the degree of disability for service-connected bilateral hearing loss, the Rating Schedule establishes eleven auditory acuity levels, designated from Level I through Level XI, for profound deafness. 38 C.F.R. § 4.85, Diagnostic Code 6100. 

The Rating Schedule also provides for rating exceptional patterns of hearing impairment. 38 C.F.R. § 4.86 (2015). If the puretone threshold is greater than 55 decibels at each of four specified frequencies, 1000 Hertz, 2000 Hertz, 3000 Hertz and 4000 Hertz, VA must determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral, with each ear evaluated separately. 38 C.F.R. § 4.86(a). If the puretone threshold is 30 decibels or less at 1000 Hertz and simultaneously 70 decibels or more at 2000 Hertz, VA must determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the next highest numeral for consideration, with each ear evaluated separately. 38 C.F.R. § 4.86(b). 

An August 2013 VA audiogram indicated pure tone thresholds, in decibels, as follows:

HERTZ

500
1000
2000
3000
4000
RIGHT
15
10
30
55
95
LEFT
20
30
60
95
105+

The average pure tone threshold at 1,000, 2,000, 3,000, and 4,000 Hertz was 48 decibels in the right ear, and 73 decibels in the left ear. Speech recognition ability was 92 percent, bilaterally. The examiner diagnosed sensorineural hearing loss in the right ear and mixed hearing loss in the left ear.

Using Table VI, the VA audiological examination demonstrates that the Veteran's hearing impairment was manifested by Level I hearing acuity in the right ear and Level II hearing acuity in the left ear. See 38 C.F.R. § 4.85, Table VI. Using Table VII, combining Level I right ear hearing acuity with Level II left ear hearing acuity results in a noncompensable evaluation for bilateral hearing loss. See 38 C.F.R. § 4.85, Table VII, Diagnostic Code 6100. The right and left ear hearing loss shown in this audiological examination does not qualify as an exceptional pattern of hearing impairment. See 38 C.F.R. § 4.86. Accordingly, an initial compensable evaluation for the Veteran's service-connected bilateral hearing loss is not available at any time during the appeal period. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

Generally, evaluating a disability using either the corresponding or analogous diagnostic codes contained in the Rating Schedule is sufficient. See 38 C.F.R. §§ 4.20, 4.27 (2015). Because the ratings are averages, it follows that an assigned rating may not completely account for each individual veteran's circumstance, but nevertheless would still be adequate to address the average impairment in earning capacity caused by disability. Thus, in exceptional cases where the rating is inadequate, it may be appropriate to assign an extraschedular rating. 38 C.F.R. § 3.321(b) (2015). 

The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Id.; see Thun v. Peake, 22 Vet. App. 111, 115 (2008). Therefore, initially, there must be a comparison between the level of severity and symptomatology of the Veteran's service-connected disability with the established criteria found in the Rating Schedule for that disability. Id. at 115. If the criteria reasonably describe the Veteran's disability level and symptomatology, then the Veteran's disability picture is contemplated by the Rating Schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. See VAOPGCPREC 6-96; 61 Fed. Reg. 66749 (1996) (when service-connected disability affects employment "in ways not contemplated by the rating schedule[,]" § 3.321(b)(1) is applicable).

The Board finds that the Veteran's disability picture is not so unusual or exceptional in nature as to render the assigned rating inadequate. The Veteran's bilateral hearing loss manifests Level I hearing acuity in the right ear and Level II hearing acuity in the left ear. When comparing this disability picture with the symptoms contemplated by the Rating Schedule, the Board finds that the Veteran's experiences are congruent with the disability picture represented by disability ratings currently assigned. Evaluations in excess thereof are provided for certain manifestations of bilateral hearing impairment, but the medical evidence demonstrates that those manifestations are not present in this case. The Board has considered the Veteran's bilateral hearing loss under the provisions for exceptional patterns of hearing impairment, and applied the provisions when shown by the evidence of record. 

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The symptoms associated with the Veteran's bilateral hearing loss, such as difficulty hearing, are contemplated by the rating criteria and the medical evidence fails to show anything unique or unusual about the Veteran's bilateral hearing loss that would render the schedular criteria inadequate. The Veteran's main complaint is reduced hearing acuity, which is precisely what is contemplated in the rating assigned. As the available schedular criteria for this service-connected disability are adequate, referral for consideration of an extraschedular rating is not warranted. 

In reaching the above conclusions, the Board has considered the Veteran's statements regarding the severity of his service-connected bilateral hearing loss. The Veteran's hearing loss is manifested by difficulty hearing high-pitched voices and understanding people on the telephone. He reports an inability to hear movies in theaters or the sound of birds and crickets chirping. He also recounts needing to read lips in order to understand people. The Veteran's statements are competent evidence on factual matters of which he has first-hand knowledge, such as experiencing increased difficulty hearing. Washington v. Nicholson, 19 Vet. App. 362 (2005). However, while the Board may consider the Veteran's subjective statements regarding the increasing severity of his disability, these complaints were considered by the medical professionals that examined him and provided clinical findings. Martinak v. Nicholson, 21 Vet. App. 447 (2007). 

In evaluating service-connected hearing loss, disability ratings are derived by a mechanical application of the rating schedule to the numeric designations assigned after an audiometric evaluation is performed. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). This audiometric evaluation requires medical expertise. The Board finds the objective audiometric findings and opinions provided by the VA examiners are afforded the greater probative weight. The probative value of audiometric examination evidence is based on the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion the physician reaches. 

In light of the foregoing, the Board finds that the preponderance of the evidence is against the assignment of an initial compensable evaluation for bilateral hearing loss throughout the appeal period. Accordingly, the benefit of the doubt doctrine is not for application, and service connection for an initial compensable evaluation for bilateral hearing loss is not warranted. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

Entitlement to a total disability based on individual unemployability (TDIU) is an additional element to be considered of all claims for an increased rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). However, the Veteran has not contended that his hearing loss renders him unable to work. 

ORDER

An initial compensable rating for bilateral hearing loss is denied.

____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs